## Keizer Estate

*William F. Farrell*, for exceptant.

*Welles & Mackie* and *Nogi, O'Malley & Harris*, for claimants.

BRADY, P. J., December 12, 1950.—This matter comes before the court on exceptions filed to the account of an administrator of a decedent's estate after sale of real estate for payment of debts.

Decedent, Elizabeth Keizer, died December 17, 1948, intestate. At the time of her death she was a resident of Scranton, Pa. To decedent's sole heir-at-law, Mrs. Frank J. Benoit, descended the real estate owned by decedent, a modest bungalow and lot, situate at 320 Hiller Avenue, City of Scranton. The property was

encumbered by a judgment lien entered by the Commonwealth of Pennsylvania, Department of Public Assistance, on April 11, 1946, in the amount of $2,001.

Amzi Cook, accountant, had raised the administration by his right as a creditor of the estate for funeral services of decedent. The inventory of personal property amounted to $394.68, the proceeds of an insurance policy. In the course of administration of the estate, the fiduciary sold the real property for payment of debts, realizing $3,000 at the private sale.

On June 12, 1950, the administrator filed his first and final account, which was confirmed nisi on June 20, 1950. The Commonwealth of Pennsylvania, Department of Public Assistance, as judgment creditor, filed four exceptions to the account. At the hearing on the exceptions on September 18, 1950, testimony was introduced to support the account as filed and to dismiss the exceptions.

The first exception is directed to a credit of $536.52 in the account for expenses of Mr. and Mrs. Frank J. Benoit. It appears from the evidence that the questioned credit represents expenses incurred by Mr. and Mrs. Benoit, residents of Vineland, N. J., in traveling to and stopping over in Scranton, Pa., in December 1948 and May 1949. The trips in December were made to attend the funeral services of decedent. The later trips in May 1949 were made to effect a sale of the property and to compromise the judgment of the Commonwealth.

In justification of the claim it is advanced that the Benoits increased by more than $1,000 the value of the estate. The purported benefit is but a difference of opinion as to the value of the real property.

The exception is well taken. The credit items should be stricken from the account, as there is no legal basis for the credit.

Exception 2 makes objection to the administrator's commission of five percent of the proceeds of the sale of the real property. The accountant raised the administration of the estate to protect his conservative claim for the funeral services of decedent. In the course of administration he was compelled to sell the real estate for payment of other creditors, including exceptant. Under the circumstances, an allowance of five percent commission is within discretion. The exception should be dismissed.

Exceptions three and four are directed against credits to the amount of $450 for legal services connected with the sale of the property by the administrator. The facts pertinent to these exceptions to the counsel fees arise from converse situations of the administrator and the sole heir, Mrs. Benoit. It appears that the law firm of Welles & Mackie was retained by Mr. and Mrs. Benoit to effect a compromise of the judgment of the Commonwealth and to represent the Benoits in the sale of Mrs. Benoit's property to Mr. and Mrs. Leo Jason, the buyers, represented by Mr. Schuman, the real estate agent of the Benoits. The law firm of Nogi, O'Malley & Harris had been retained by the administrator. When the proceeding for the sale of the property to pay debts was commenced, the cross purposes of the administrator and the sole heir were uncovered by their respective attorneys, who then conjoined in the necessary legal work; the buyers presented by the Benoits purchased the property on the private sale of the administrator.

The testimony of the attorneys indicates that the joint services of the two law firms benefited the estate; and that the services of Welles & Mackie, attorneys representing the Benoits, benefited the estate was acknowledged and consented to by the administrator. But in the opinion of the court, the credits of $300 to Welles & Mackie and of $150 to Nogi, O'Malley & Harris, rep-

resenting claims for such legal services, call for revision and retrenchment, as there is a deficit in the estate, and further, the value of the property does not sustain such allowance for the services rendered.

A joint allowance of $350 to the law firms for legal services, apportioned $100 to Nogi, O'Malley & Harris, and $250 to Welles & Mackie, reaches the bounds of discretion.

And now, December 12, 1950, upon consideration of the exceptions filed, the findings and rulings made, it is ordered and decreed:

1. Exception 1 is sustained and the credit of $536.52 for expenses of Mr. and Mrs. Frank J. Benoit is stricken from the account.

2. Exception 2 is dismissed.

3. Exceptions 3 and 4 are sustained insofar as indicated above.

4. The first and final account of Amzi Cook, administrator of the estate of Elizabeth Keizer, deceased, as amended in accordance with the sustained exceptions, is confirmed finally.